

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CALVIN LORINZO PERRY,

    Petitioner,

v.                                                                       Civil Action No. **3:14CV523**

HAROLD CLARKE,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Calvin Lorinzo Perry, a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), challenging his convictions for first degree murder and use of a firearm in the commission of murder in the Circuit Court for the County of Sussex, Virginia. This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). This Court previously dismissed two 28 U.S.C. § 2254 petitions from Perry concerning these convictions. *See, e.g., Perry v. Blankenship*, Nos. 84-0331-R, 84-0076-L (E.D. Va. Feb. 21, 1985); *Perry v. Cox*, No. 80-0175-R (E.D. Va. May 29, 1980).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Perry has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging these convictions, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and the action be DISMISSED FOR LACK OF JURISDICTION.

Perry is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Perry and counsel of record.

It is so ORDERED.

/s/ *[signature]*
Roderick C. Young
United States Magistrate Judge

Date: FEB 20 2015
Richmond, Virginia

2