

FILED
MAR 31 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CALVIN LORINZO PERRY,

    Petitioner,

v.      Civil Action No. **3:14CV523**

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Calvin Lorinzo Perry, a Virginia inmate proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), challenging his convictions for first degree murder and use of a firearm in the commission of murder in the Circuit Court for the County of Sussex, Virginia. This Court previously dismissed two 28 U.S.C. § 2254 petitions from Perry concerning these convictions. *See, e.g., Perry v. Blankenship*, Nos. 84-0331-R, 84-0076-L (E.D. Va. Feb. 21, 1985); *Perry v. Cox*, No. 80-0175-R (E.D. Va. May 29, 1980). On February 20, 2015, the Magistrate Judge issued a Report and Recommendation that recommended dismissing the action for lack of jurisdiction. The Court advised Perry that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Perry filed objections. (ECF No. 19.) For the reasons that follow, Perry's Objections will be OVERRULED and the action will be DISMISSED FOR WANT OF JURISDICTION.

### I.  BACKGROUND

The Magistrate Judge made the following findings and recommendation:

> The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Perry has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging these convictions, this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and the action be DISMISSED FOR LACK OF JURISDICTION.

(Report and Recommendation entered Feb. 20, 2015 (alterations in original).)

## II. STANDARD FOR REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. PERRY'S OBJECTION

Perry contends that this Court can examine his successive § 2254 Petition in the first instance because he is actually innocent. Perry is wrong. Under the AEDPA gatekeeping mechanism, "[the] circuit courts were assigned the task of deciding in the *first instance* whether a successive federal habeas corpus application could proceed" based upon a claim of actual innocence. *Haouari v. United States*, 510 F.3d 350, 352 (2d Cir. 2007) (emphasis added) (citing 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 657 (1996)). Because Perry fails to demonstrate this Court has jurisdiction to entertain the action or review his claim of innocence,

Perry's Objection will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. The action will be DISMISSED FOR WANT OF JURISDICTION. The Court will DENY a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3-30-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge